## SUPREME COURT.

### JOHN B. BORST agt. GEORGE D. BALDWIN.

Where the plaintiff, on trial of the cause at the circuit, settled with one of the defendants in the suit, under a special written agreement, by which he was allowed to take judgment in the action, which the defendant agreed to pay on certain conditions, and subsequently the plaintiff sold the judgment, subject to the agreement made with the defendant, and the assignee brought an action against the defendant to set aside the agreement and judgment, on the ground of the deceit and fraud of the defendant in making the agreement,

*Held*, on demurrer, that the action could not be maintained. The assignment of the judgment was an affirmance of the judgment by the original plaintiff, and might have left in *him* the right of action for the fraud, but such assignment could not carry with it such right of action to the assignee.

*New - York Special Term, April,* 1858.

DEMURRER to complaint. The facts will sufficiently appear in the opinion.

L. H. VAN SCHAICK, *for plaintiff.*
WM. B. LEEDS, *for defendant.*

SUTHERLAND, Justice. The plaintiff had a claim, arising on contract, against the defendant George D. Baldwin, and one William H. Adams, who were co-partners under the firm name of Adams & Baldwin, as bank-note engravers, for $3,000, and which claim the plaintiff assigned to one John C. Ausman.

Ausman, as assignee, brought an action in this court on the claim against Adams & Baldwin; and issue being joined therein, the action was noticed for trial at the circuit.

Baldwin proposed to the plaintiff, acting as alleged, as the agent of Ausman, in the management of the action, and in relation to the subject matter thereof, a settlement of the suit; and it was settled by judgment being permitted to be entered up against the defendants in the action for $1,361.21, in pursuance of and upon the terms and conditions of a written agreement entered into between the parties.

By this agreement, Ausman stipulated to enforce the collection of the judgment out of the separate property of Adams,

and not out of the property of Baldwin; and to use all lawful means, by execution and supplemental proceedings, to enforce the collection of the judgment out of the property of Adams; and Baldwin agreed to pay Ausman, in bank-note engraving and printing on demand, a sum not exceeding $680.62, or any deficiency less than that sum, which could not be collected out of Adams; and on payment of such deficiency, not exceeding $680.62, Baldwin was to be released from the judgment.

The complaint in this case, after alleging substantially these facts, alleges that this settlement and the agreement under which the judgment was entered were all brought about by the fraud of Baldwin, setting out the facts and circumstances, and the alleged false representations of Baldwin, to show the fraud; that Adams was insolvent and Baldwin knew it; that nothing had been or could be collected of Adams, although execution had been issued on the judgment, and supplemental proceedings instituted against him; that Baldwin's fraud was first discovered by Ausman and the plaintiff, when the execution was issued; that Baldwin was and is responsible, and that the claim could have been, and could now be, collected of him; that before the commencement of the action, the said " Ausman, for a valuable consideration, sold, assigned and transferred the said judgment," against Adams and Baldwin, to the plaintiff, and that the said Adams and Baldwin are indebted to the plaintiff on the judgment, in the sum of $1,465.01, with interest thereon from November 28th, 1856.

On these facts, the plaintiff asks in his complaint that the said stipulation or agreement may be set aside and declared null and void, and for such other relief as the court may think proper to grant.

The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The question and the only question raised by the demurrer is, whether the plaintiff, as the assignee of the judgment merely, conceding Ausman's right on the discovery of the fraud to bring this action and ask for the relief asked for by the plaintiff, can bring the action or has any right to such relief?

Ausman, on his discovery of the fraud, could have considered the judgment void or voidable, and could have instituted an action or proceedings to set aside the stipulation and judgment, and have them declared void on the ground of the fraud, or he could affirm the judgment and stipulation, and hold Baldwin personally responsible in an action for the deceit or fraud.

Ausman's assignment of the judgment to the plaintiff was an affirmance of the judgment by Ausman, and may have left in him the action, or right of action, against Baldwin for the fraud, but the assignment of the judgment could not carry with it this right of action for the fraud; nor was it susceptible of assignment so as to give the assignee a right of action in his own name. (*Zabriskie* agt. *Smith*, 3 *Kernan*, 322.)

The plaintiff took the judgment with a knowledge of the stipulation restricting its operation, and must be presumed to have taken it subject to the stipulation, and, in fact, to have taken the stipulation as a part of the judgment; and it would be very extraordinary if it could be presumed that the plaintiff took under the assignment of the judgment a right at the same time and by the same assignment to attack and repudiate the judgment.

In my opinion the complaint shows no cause of action in the plaintiff, and the defendant must have judgment on the demurrer with costs.